**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**BOSTON, MASSACHUSETTS**

| | |
|---|---|
| SHIVA AYYADURAI, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| GAWKER MEDIA, LLC, a Delaware ) | CASE NO.  16-cv-10853 (NMG) |
| limited liability company; SAM BIDDLE, an ) | |
| individual, JOHN COOK, an individual, ) | |
| NICHOLAS GUIDO ANTHONY DENTON, ) | |
| an individual, and DOES 1-20, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT

Pursuant to Fed. R. Civ. P. 55(a), Plaintiff Dr. Shiva Ayyadurai, by and through his

undersigned attorneys, hereby submits this memorandum in support of his Motion for Entry of

Default Judgment against Defendants Sam Biddle and John Cook ("Defendants"). An entry of

default is warranted because the Defendants have failed to plead or otherwise defend in this civil

action.

### STATEMENT OF FACTS

On May 9, 2016, Dr. Ayyadurai filed a Complaint with this Court, asserting claims of

libel, intentional interference with economic advantage, intentional infliction of emotional

distress against Biddle and Cook, among others, and negligent hiring against Cook and another.

[Dkt. 1]

On or about June 13, 2016, Defendants Biddle and Cook were served at their place of

business at Gawker Media LLC, 114 Fifth Avenue, 2d Floor, New York, NY 10011. [Dkt. 9]

After accepting service, on June 30, 2016, Defendants Biddle and Cook, requested an extension of time to respond to the complaint. [Dkt. 5] With the agreement of Dr. Ayyadurai, and a bankruptcy action underway in the Southern District of New York, 16-11700(SMB), Defendants Biddle and Cook requested an extension "until a motion requesting that the automatic stay be extended to the individual defendants in this and other actions (or otherwise that injunctive relief be issued) pending against Gawker in which former or current Gawker employees have been named as co-defendants." [Dkt. 5 at 2][1]

On the same day, Defendant Gawker Media, LLC filed a Suggestion of Bankruptcy with this Court. [Dkt. 5] Defendant Nicholas Denton followed suit with a Suggestion of Bankruptcy of his own on August 2, 2016. [Dkt. 6]

On August 3, 2016, the Bankruptcy Court granted a preliminary injunction through September 3, 2016 with respect to the above-captioned action. (Ex. A) In accord with the Defendants' requested extension, the Defendants should have replied no later than August 17, 2016. As of the time of the filing of this Plaintiff's Motion, five days after that deadline passed, the Defendants have failed to file an Answer or assert any basis that would obviate the need to file an Answer, nor have they even entered a Notice of Appearance.

## ARGUMENT

Plaintiff Ayyadurai is entitled to the Entry of Default against the Defendants. Rule 55(a) states: (a) provides: "When a party against whom a judgment for affirmative relief is sought has

---

[1] As the Defendants' Motion was never granted and the Defendants never responded, the Defendants have technically been in default since July 5, 2016. However, this Motion is made based on the Defendants' failure to respond per their Motion.

failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Default is a two-step process that first requires the entry of a default by the clerk prior to the entry of a default judgment. *See* 10A C. Wright, A. Miller, M. Kane & R. Marcus, Federal Practice & Procedure § 2682 (1998) (before "obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)"); *see, e.g.*, *Allied Home Mortgage Capital v. Belli,* Civil Action No. 12-1015 (D. Mass. July 25, 2012)(denying motion for default judgment as premature given absence of entry of default).

Here, the Defendants have failed to "plead" or "otherwise defend." Federal Rule of Civil Procedure 7(a) limits the types of permitted pleadings and specifies that an answer is the appropriate response to a complaint. Federal Rule of Civil Procedure 12(a) provides a defendant with 20 days after service of the summons and complaint to file an answer. As the Defendants were served with the Summons and Complaint in this action on June 13, 2016, the Defendants were required to file their answer on or before July 5, 2016. Even accounting for their ignored Request for Extension, the Defendants should have responded by no later than two weeks after the August 3, 2016 ruling by the Bankruptcy Court of the Southern District of New York.

Although that court extended its automatic stay of the Ayyadurai proceedings until September 3, 2016, it is black letter law that the stay does not apply to these Defendants – Biddle and Cook – who are not in bankruptcy proceedings. *See Queenie Ltd. v. Nygard Intern.,* 321 F.3d 282, 288 (2d Cir. 2003)( "A] suit against a codefendant is not automatically stayed by the debtor's bankruptcy filing."), *quoting* 3 Collier on Bankruptcy § 362.03[3][d] (15th ed.2002); *citing Croyden Associates v. Alleco, Inc.*, 969 F.2d 675, 677 (8th Cir.1992); *Teachers Insurance and*

*Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir.1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants.").

A bankruptcy court can extend the automatic stay to apply to non-debtors if the claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate. Examples are a claim to establish an obligation of which the debtor is a guarantor, or actions where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant ..." *Id., citing A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.1986); *McCartney v. Integra National Bank North*, 106 F.3d 506, 510-11 (3d Cir.1997). The injunction can extend to non-debtors if it is extended by the Bankruptcy Court itself. *Piccinin,* 788 F.2d at 999.

Neither of these exceptions appear to apply to these Defendants. Moreover, the Defendants have made no such request of the Bankruptcy Court, and that Court makes clear that the motion to extend the stay applies only to the "Debtors." Accordingly, there is no question that the Bankruptcy Court's stay applies to the Defendants here.

As of the filing of Plaintiff's Motion, two days after the deadline, the Defendants still have not filed an answer. As such, Plaintiff has failed to "plead." *See* Fed. R. Civ. P. 7(a) (defining and limiting permitted pleadings).

Moreover, having not even made an appearance, the Defendants have also failed to "otherwise defend." "The words 'otherwise defend' [as used in Fed. R. Civ. P. 55(a)] refer to the interposition of various challenges to such matters as service, venue, and the sufficiency of the prior pleading, any one of which might prevent a default if pursued in the absence of a responsive pleading." 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal

Practice and Procedure, § 2682 (3D Ed. 1998). The Defendants have so far failed to interpose

any such challenge that would otherwise obviate the need to file an answer.

Having failed to plead or otherwise defend, or even to enter a notice of appearance, the

Defendants stand in default and the Court should order the Clerk to enter a default against the

Defendants.

Accordingly, Plaintiff Ayyadurai respectfully requests and so moves that the Court to

direct the Clerk to enter a default against Defendants Biddle and Cook pursuant to Fed. R. of Civ.

P. 55(a), and grant Dr. Ayyadurai such further relief as the Court deems just and proper.


August 22, 2016                                       Respectfully submitted,

Boston, Mass.                                            /s/ Timothy Cornell

                                                      Timothy Cornell
                                                      Cornell Dolan, P.C.
                                                      One International Place, Suite 1400
                                                      Boston, MA 02110
                                                      (617) 535-7763
                                                      (617) 535-7761 (fax)
                                                      tcornell@cornelldolan.com

                                                      Charles Harder
                                                      HARDER MIRELL & ABRAMS LLP
                                                      132 S. Rodeo Drive, Fourth Floor
                                                      Beverly Hills, CA  90212
                                                      (424) 203-1600
                                                      *Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the above document is to be filed through the ECF system and will be sent electronically to Rachel Strom, identified in the Motion for Extension [Dkt. 5] as Counsel for the Defendants.

/s/ Timothy Cornell_____