UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON, MASSACHUSETTS

| | | |
|---|---|---|
| SHIVA AYYADURAI, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GAWKER MEDIA, LLC, a Delaware limited liability company; SAM BIDDLE, an individual, JOHN COOK, an individual, NICHOLAS GUIDO ANTHONY DENTON, an individual, and DOES 1-20, | ) ) ) ) ) ) ) | CASE NO. 16-cv-10853 (NMG) |
| Defendants. | ) ) | |

## OPPOSITION TO DEFENDANTS SAM BIDDLE AND JOHN COOK'S MOTION FOR EXTENSION OF TIME TO RESPOND

Now more than two months overdue in their reply to the Complaint in this action, and three days after their reply was due by informal agreement of the parties, Defendants Sam Biddle and John Cook now seek another month before having to respond. The delay the Defendants seek is unreasonable and dilatory, and the supposed rationale of judicial economy makes little sense. Accordingly, Plaintiff Shiva Ayyadurai, through counsel, opposes the Defendants' Motion for Extension, but consents to a two-week extension, to September 20, 2016.

Defendants Sam Biddle and John Cook were duly served with the Complaint in this action on June 13, 2016. Their response should have been due on July 5, 2016. However, on June 30, 2016, Defendants Biddle and Cook requested an extension of time to respond to the complaint. [Dkt. 5] With the agreement of Plaintiff Dr. Ayyadurai, and a bankruptcy action underway in the Southern District of New York, 16-11700(SMB), Defendants Biddle and Cook

{00065926;3} 1

requested an extension "until a motion requesting that the automatic stay be extended to the individual defendants in this and other actions (or otherwise that injunctive relief be issued) pending against Gawker in which former or current Gawker employees have been named as co-defendants." [Dkt. 5 at 2]

On the same day, Defendant Gawker Media, LLC filed a Suggestion of Bankruptcy with this Court. [Dkt. 5] Defendant Nicholas Denton followed suit with a Suggestion of Bankruptcy of his own on August 2, 2016. [Dkt. 6]

On August 3, 2016, the Bankruptcy Court granted a preliminary injunction through September 3, 2016 with respect to the above-captioned action, extending the automatic stay under section 362 of the Bankruptcy Code to, among other actions, this proceeding. But Plaintiff Ayyadurai consented to allowing the Defendants to wait until after the Bankruptcy Stay was lifted on September 3, 2016. Nevertheless, the Court did not move on the Defendants' requested extension.

Meanwhile, the Defendants have been well aware of this Action, appearing for bankruptcy hearings in New York and broadcasting public comments on the lawsuit. While they do this, they seek to continue to hide behind Gawker's stay so they will not have to answer the allegations.

<strong>Argument</strong>

**I.       An Extension Is Purely Dilatory And Does Nothing To Increase Efficiency**

The crux of the Defendants' Motion for Extension rests on the idea that Plaintiff Ayyadurai should somehow stand and wait until after Gawker's time under the protection of bankruptcy stay is lifted. The Defendants argue that because the claims against them are related

to the claims against Gawker, their deadlines should match up. This makes no sense at all. Because the Defendants are named individually, the parties will have to respond to the pleadings individually, and the Court will consider them in the same manner. Extending the deadline for doing so does nothing to increase the efficiency for any of the parties or the court. Instead, all an extension does is further delay the process.

Courts in the First Circuit are firm about deadlines, and the First Circuit supports their rigorous management. *Mendez v. Banco Popular de Puerto Rico*, 900 F.2d 4, 7 (1st Cir.1990) ("[A] district judge must often be firm in managing crowded dockets and demanding adherence to announced deadlines."); *Macaulay v. Anas*, 321 F.3d 45, 49 (1st Cir.2003) ("Courts simply cannot afford to let lawyers' schedules dominate the management of their dockets."); *McIntosh v. Antonino*, 71 F.3d 29, 38 (1st Cir.1995) ("Litigants cannot expect that courts will dance to their every tune, granting extensions on demand to suit lawyers' schedules.").

Although Plaintiff Ayyadurai is opposed to the unreasonable delay the Defendants request, he will not oppose allowing Defendants Biddle and Cook a two-week extension, to September 20, 2016, to respond to his Complaint.

Accordingly, Plaintiff Ayyadurai respectfully requests and so moves that the Court to deny the Defendants' Motion for Extension and, if the Court finds an extension to be appropriate and proper, to allow the Defendants until September 20, 2016 to respond..

September 9, 2016                     Respectfully submitted,

Boston, Mass.                              /s/ Timothy Cornell

                                                                           Timothy Cornell
                                                                           Cornell Dolan, P.C.

One International Place, Suite 1400
Boston, MA 02110
(617) 535-7763
(617) 535-7761 (fax)
tcornell@cornelldolan.com

Charles Harder
HARDER MIRELL & ABRAMS LLP
132 S. Rodeo Drive, Fourth Floor
Beverly Hills, CA 90212
(424) 203-1600
*Attorneys for the Plaintiff*

**CERTIFICATE OF SERVICE**

    I hereby certify that the above document is to be filed through the ECF system and will be sent electronically to Rachel Strom, identified in the Motions for Extension [Dkt. 5, 14] as Counsel for the Defendants.

    /s/ Timothy Cornell